UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

GREGORY BROWN,

    Petitioner,                                   CASE NO. 5:09-CV-12937
                                              HONORABLE JOHN CORBETT O'MEARA
v.                                                UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Gregory Brown, a state inmate, filed this habeas case under 28 U.S.C. § 2254. Petitioner was convicted after a jury trial in the Wayne Circuit Court of second-degree murder, MICH. COMP. LAW 750.317, felon in possession of a firearm, MICH. COMP. LAW 750.224f, and possession of a firearm during the commission of a felony. MICH. COMP. LAW 750.227b. For the reasons which follow, the petition will be denied.

I. Background

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions arise from the shooting death of Carl Harris. Defendant was originally tried for these offenses in October 2002, but the trial ended in a mistrial.
>
> Defendant gave a statement to the police in which he admitted that he shot Harris while Harris was buying drugs from him, but claimed that he did so in self-defense. Defendant also told the police that his cousin, Dion Monette, was selling drugs with him, but that Monette was asleep during the altercation. Defendant

> testified at his 2002 trial that he shot Harris in self-defense after Harris pulled a gun on him during a drug sale. When defendant was retried for the offenses in 2003, the prosecutor read his testimony from the 2002 trial into evidence. Defendant testified at his second trial, giving substantially the same testimony as that given at the first trial.

*People v. Wordlaw-Brown*, 2005 Mich. App. LEXIS 1089, *1-2 (Mich. Ct. App. May 5, 2005).

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals, raising the following claims:

> I. The prosecutor and the trial court denied Petitioner a fair trial when the prosecutor was allowed to present Petitioner's testimony from the prior trial without advising defense counsel until mid-trial that it was his intent to use the testimony and where the prosecutor failed to establish good cause for the late endorsement.
>
> II. The trial court reversibly erred and Petitioner was denied the right to have a properly instructed jury consider all of the evidence where the court incorrectly failed to read the jury instruction on voluntary manslaughter and counsel was ineffective in failing to object.

Petitioner also filed a pro se supplemental brief, raising the following claim:

> III. The trial court reversibly erred by admitting [Petitioner's] statement into evidence after it was obtained from a warrantless, illegal arrest, making it the fruit of the poisonous tree.

The Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *Id.* Petitioner subsequently filed an application for leave to appeal to the Michigan Supreme Court which raised the same claims. The Michigan Supreme Court denied the application in a standard order. *People v. Warlaw-Brown*, 474 Mich. 908; 705 N.W.2d 133 (2005).

Petitioner returned to the trial court and filed a motion for relief from judgment, raising the following claims:

> I. Petitioner was denied the effective assistance of trial counsel under the Sixth Amendment where counsel:
>
> > 1. Failed to investigate and challenge the validity of Petitioner's arrest

2

    and move to suppress his confession made to police while in unlawful custody;

    2. Failed to investigate whether the circuit court properly acquired jurisdiction before proceeding with the case;

    3. Failed to protect Petitioner's rights to due process of law and to a fair trial under the 14th Amendment.

II. The circuit court did not at any time acquire jurisdiction over Petitioner on the charges of first-degree murder . . . felony firearm . . . felon in possession of a firearm . . . where no return was filed by the examining magistrate, therefore, Petitioner's rights under the Due Process Clause of the 14th Amendment and under Article 1, Section 17 of the Michigan and federal constitutions were violated.

III. Petitioner was denied the effective assistance of appellate counsel on direct appeal for counsel's failure to raise the issues in his motion for relief from judgment, after he had urged counsel to raise those claims on direct appeal.

IV. Petitioner demonstrates both good cause and actual prejudice stemming from the irregularities that support his claim for relief in this post appeal proceeding.

The trial court denied the motion, stating that, "defendant has failed to demonstrate prejudice from the errors he alleges. Defendant has also failed to demonstrate that his trial and appellate counsel were ineffective or that he had good cause for failing to previously raise these issues in propria persona." Trial Court Opinion, at 8-9.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The application was denied "because defendant has failed to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D)." *People v. Warlaw-Brown*, No. 283276 (Mich. Ct. App. August 22, 2008)). Petitioner applied for leave to appeal this decision in the Michigan Supreme Court, but it was also denied under Rule 6.508(D). *People v. Warlaw-Brown*, 483 Mich. 1016, 765 N.W.2d 324 (2009).

Petitioner's application for a writ of habeas corpus raises all the claims he presented to the

3

state courts in his appeal by right and collateral attack, and he raises an additional claim that the trial court violated state law by failing to date its order denying his motion for relief from judgment.

## II. Analysis

### A. Standard of Review

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S.

4

at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); see also *Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, U.S. , 131 S. Ct. 770, 789, 178 L. Ed. 2d 624 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases — indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), citing *Williams v. Bowersox*, 340

F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

B. Petitioner's Prior Testimony

Petitioner first claims that the trial court erred when it allowed admission of his prior trial testimony. Specifically, Petitioner contends that the prosecutor failed to notify the defense thirty days before trial that he intended to use the prior testimony as required by Michigan Compiled Laws 767.40a. Respondent asserts that the claim is procedurally barred from review because Petitioner did not object to the introduction of his prior testimony on this basis at trial.

The Michigan Court of Appeals denied the claim as follows:

> Defendant claims that the trial court erred in admitting his prior testimony because the prosecutor did not timely endorse him as a prosecution witness pursuant to Mich. Comp. Laws 767.40a. At trial, defendant objected to the testimony only on the ground that it violated his Fifth Amendment privilege against compelled self-incrimination. Because defendant did not identify Mich. Comp. Laws 767.40a as a ground for his objection at trial, this issue is not preserved. Mich. Rule Evid. 103(a)(1); *People v. Aldrich*, 246 Mich. App. 101, 116; 631 N.W.2d 67 (2002). We review unpreserved evidentiary claims for plain error affecting substantial rights. *People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Houston*, 261 Mich. App. 463, 466; 683 N.W.2d 192 (2004), lv gtd in part on other grounds 471 Mich. 913 (11/4/2004).
>
> Defendant's testimony was admissible under Mich. Rules Evid. 801(d)(2), which exempts a party-opponent's own admissions from the definition of hearsay. This Court held in *People v. Thompson*, 97 Mich. App. 319, 322-323; 293 N.W.2d 812 (1980), that a defendant's testimony from a previous trial is admissible unless the defendant was "impelled" to testify because of a trial error, such as improperly admitted evidence.
>
> Mich. Comp. Laws 767.40a requires the prosecutor to notify the defendant thirty days before trial of all witnesses the prosecutor intends to produce at trial; the prosecutor may later add witnesses upon leave of the court for good cause shown or

6

> by stipulation of the parties. *People v. Callon*, 256 Mich. App. 312, 326; 662 N.W.2d 501 (2003). To determine whether this requirement applies to defendant's prior testimony, we interpret the statute's clear and unambiguous language as written. *People v. Venticinque*, 459 Mich. 90, 99-100; 586 N.W.2d 732 (1998). The statutory requirement of prior notice applies to "witnesses the prosecuting attorney intends to produce at trial." Mich. Comp. Laws 767.40a(3). Here, defendant was not a witness who the prosecutor produced at trial. He was a party-opponent, whose prior statements could be admitted pursuant to Mich. Rules Evid. 801(d)(2). Because the clear and unambiguous language of Mich. Comp. Laws 767.40a precludes its application in this context, there was no plain error affecting defendant's substantial rights.

*Warlaw-Brown*, 2005 Mich. App. LEXIS 1089, *2-4.

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85-87(1977). Such a procedural default occurs when a petitioner fails to comply with a state procedural rule, the rule is relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2005). Procedural default may be excused where the petitioner demonstrates cause and prejudice for his failure to comply with the state procedural rule, or when a petitioner establishes that failing to review the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Combs v. Coyle*, 205 F.3d 269, 274 (6th Cir. 2000). To demonstrate that a "fundamental miscarriage of justice" would occur absent review of a petitioner's claim, the petitioner must assert a credible claim of actual innocence that is supported by reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 315-16 (1995).

Petitioner's first claim was procedurally defaulted by virtue of his failure to object to the admission of his prior trial testimony on the grounds he asserts which resulted in appellate review under the more restrictive "plain error" standard of review. It is well-established that the Michigan

7

Court of Appeals' application of plain-error review constitutes the invocation of an independent and adequate procedural rule that bars federal review of the merits of his claim absent a showing of "cause and prejudice." *Fleming v. Metrish*, 556 F.3d 520, 524 (6th Cir. 2009).

Petitioner appears to argue that his counsel was ineffective for failing to object in an effort to establish cause. Petitioner cannot show that his counsel was ineffective for failing to object to the admission of his prior testimony under Mich. Comp. Laws 767.40a because any objection would have been futile. The Michigan Court of Appeals found, as a matter of state law, that the admission of a defendant's prior testimony is not subject to the 30-day notice requirement of the statute. In analyzing petitioner's ineffective assistance of counsel claim, an expression of state law by the state court is binding on this Court. *See Basile v. Bowersox*, 125 F. Supp. 2d 930, 960 (E.D. Mo. 1999). *See generally, Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, any further objection by counsel would have been futile. Counsel cannot be deemed ineffective for failing to raise a meritless objection. *See Bradley v. Birkett*, 192 Fed. Appx. 468, 475 (6th Cir. 2006); *Anderson v. Goeke*, 44 F.3d 675, 680 (8th Cir. 1995); *Burnett v. Collins*, 982 F.2d 922, 929 (5th Cir. 1993).

Accordingly, Petitioner's first claim is barred from review, and Petitioner cannot establish cause to excuse the default.

### C. Manslaughter Instruction

Petitioner next asserts that the trial court incorrectly instructed the jury on the lesser-included offense of manslaughter. The original transcript of the jury instructions with respect to this charge read as follows:

> First, when the defendant acted, his thinking must have been disturbed by emotional excitement to the point that a reasonable person might have acted on impulse without thinking twice. *Compassion* instead of judgment. This emotional excitement must have been a result of something that would cause a reasonable person to act

8

>   *rationally* or on impulse.  The law does not say what things are enough to do this.  That is for you to decide.

Trial Tr. VII, at 84. (emphasis added).

If the italicized words "compassion" and "rationally" were used, the instruction obviously would have been an incorrect statement of the law.   However, after the issue was raised in the Michigan Court of Appeals, an amended transcript was prepared by the court reporter, and the word "compassion" was substituted with "passion," and the word "rationally" was changed to "irrationally."  Based on the amended transcript, the state appellate court rejected Petitioner's claim:

>   Defendant also claims that the trial court erroneously instructed the jury on manslaughter by replacing the words "passion" with "compassion," and "irrationally" with "rationally." Defendant's argument is based on a trial transcript that has since been amended; the amended transcript shows that the trial court used the correct words.  Thus, there was no instructional error.

*Warlaw-Brown*, 2005 Mich. App. LEXIS 1089, *4-5.

This decision is based on a finding of fact by the state court that the correct words were used and not the incorrect ones written in the original transcript.  Petitioner has provided no evidence, let alone clear and convincing evidence, to undermine this factual finding.  See 28 U.S.C. § 2254(e)(1) (establishing a presumption of correctness for factual determination made by a state court, including a state appellate court, and requiring the petitioner to rebut the presumption by clear and convincing evidence); *Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).  Accordingly, Petitioner has not demonstrated entitlement to habeas relief with respect to his second claim.

### C. Illegal Arrest

Petitioner's third claim asserts that his statement to police should have been suppressed because it was the product of an illegal arrest.   The Michigan Court of Appeals considered and

9

rejected this claim as follows:

> In a pro se supplemental brief, defendant argues that his custodial statement should have been suppressed as the fruit of an illegal arrest. He asserts that the police arrested him without a warrant based only on Monette's uncorroborated, unreliable, self-serving accusation, which was insufficient to establish probable cause for a warrantless arrest. The record indicates that defendant moved to suppress his statement on the basis that it was both coerced and obtained after his request for an attorney was denied. Defendant did not challenge the validity of his arrest in the trial court. Therefore, the issue is unpreserved and appellate relief is precluded absent a plain error affecting defendant's substantial rights. *Carines*, *supra*. In the absence of a record establishing what facts were available to the police at the time of defendant's arrest, it follows that defendant cannot show that his arrest was plainly illegal, i.e., made without probable cause to believe that defendant committed a felony. *See People v. Kelly*, 231 Mich. App. 627, 631; 588 N.W.2d 480 (1998). Therefore, we reject this claim of error.

*Warlaw-Brown*, 2005 Mich. App. LEXIS 1089, *5-6.

Petitioner's claim that his statement was admitted in violation of the Fourth Amendment may not form the basis for habeas corpus relief. The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). The Sixth Circuit Court of Appeals utilizes a two-step analysis to determine whether a defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in state court:

> First, the court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.

*Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (internal quotations omitted).

"Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich.2005). This procedural mechanism is a motion to suppress, ordinarily filed before

trial. S*ee People v. Ferguson*, 376 Mich. 90, 135 N.W.2d 357, 358-59 (1965) (describing the availability of a pre-trial motion to suppress). Because Michigan provides a procedural mechanism for raising a Fourth Amendment claim, Petitioner may only demonstrate entitlement to relief if he establishes that presentation of his claim was frustrated by a failure of that mechanism. Petitioner has not alleged any grounds for concluding that presentation of his Fourth Amendment claim was somehow frustrated because a failure of the state's mechanism. Accordingly, he is not entitled to habeas relief on this claim.

### D. Claims Raised During State Post-Conviction Review

Petitioner's remaining claims were raised in his motion for relief from judgment filed in the state trial court and the appeal that followed its denial. Respondent asserts that the claims are subject to procedural default because the state courts denied relief based on Petitioner's failure to comply with a state procedural law that required him to file the claim during his appeal by right. Petitioner's fourth claim asserts that his trial counsel was ineffective for failing to challenge the legality of his arrest and failing to challenge the jurisdiction of the trial court to try him. His fifth claim asserts that the trial court never acquired jurisdiction because the state district court judge did not file the appropriate bind-over papers. His remaining claims assert that his appellate counsel's ineffective and the trial court's failure to date its opinion denying his motion for relief from judgment constitute cause to excuse his failure to raise these claims during his direct appeal.

Federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied

11

upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001). The last explained state court judgment should be used to determine whether a state court relied upon a procedural rule in denying relief. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).

As explained, Petitioner presented these claims to the state courts in his motion for relief from judgment. The Michigan Court of Appeals and Michigan Supreme Court denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. See MICH. CT. R. 6.508(D)(3). The United States Court of Appeals for the Sixth Circuit has recently held that the form order used by the Michigan Supreme Court to deny leave to appeal in this case is unexplained because its citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits. *See Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc). Consequently, under *Guilmette*, the Court must "look through" the unexplained order of the Michigan Supreme Court to the state trial court's decision to determine the basis for the denial of state post-conviction relief.

In this case, the state trial court denied relief on procedural grounds. The trial court denied relief because "defendant has failed to demonstrate prejudice from the errors he alleges. Defendant has also failed to demonstrate that his trial and appellate counsel were ineffective or that he had good cause for failing to previously raise these issues in propria persona." Trial Court Opinion, at

12

8-9. Accordingly, these claims are procedurally defaulted.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman*, *supra*.

Petitioner's sixth and seventh habeas claims assert ineffective assistance of appellate counsel as cause to excuse the procedural default of his other claims. Petitioner has not shown that appellate counsel was ineffective. In order to establish ineffective assistance of appellate counsel, Petitioner must show "that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). In determining whether counsel's performance was deficient,

> [t]he court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance . . . . At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland v. Washington*, 466 U.S. 668, 690 (1984). Therefore, judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. The defense is prejudiced only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would

13

>disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *See Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that by omitting the claims presented in his motion for relief from judgment appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel presented legitimate and viable issues in Petitioner's direct appeal. Indeed, Petitioner is still presenting those same claims in the instant petition, asserting that they entitle him to habeas relief. Petitioner has not shown that appellate counsel's strategy in presenting those claims and not raising the claims contained in the motion for relief from judgment was deficient or unreasonable.

Moreover, the unraised claims, ineffective assistance of trial counsel and a challenge to the state trial court's jurisdiction, are certainly not "dead bang winners." Even assuming that counsel could have challenged Petitioner's statement to police, it was not materially different from

Petitioner's trial testimony that he shot the victim in self-defense. Petitioner's trial counsel adequately presented this defense to the jury both through Petitioner's own testimony and by the use of defense witnesses that painted the victim as a violent man who was regularly armed with a handgun and had previously robbed Petitioner. Petitioner's challenge to the jurisdiction of the trial court likewise not did not present a viable issue for appellate counsel to raise during his appeal by right. As the trial court stated in its opinion, "the file contains a properly executed return and bindover." Opinion, at 8. Lastly, Petitioner does not explain how the failure of the trial court to date its opinion denying his motion for relief from judgment adversely affected him. It did not prevent him from pursing his post-conviction review in the state appellate courts, as both of those courts considered and denied his applications for leave to appeal.

Petitioner has thus failed to demonstrate that appellate counsel was ineffective so as to establish cause to excuse his procedural default, and these claims are barred from review.

### IV. Conclusion

The Court will deny the Petition for Writ of Habeas Corpus. The Court will also deny Petitioner a Certificate of Appealability. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R.APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. For the reasons stated in this opinion, the Court will deny a Certificate of Appealability because jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Siebert v. Jackson,* 205 F. Supp. 2d 727,

735 (E.D. Mich. 2002).

## V. Order

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED that a Certificate of Appealability is **DENIED.**

                                                      s/John Corbett O'Meara
                                                      United States District Judge

Date: July 15, 2011

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 15, 2011, using the ECF system and/or ordinary mail.

                                                      s/William Barkholz
                                                     Case Manager